IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| WILLIAM J. GOPHER, | ) | Cause No. CV 10-73-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| SAM LAW; MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On June 23, 2010, Petitioner Gopher moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254.  Gopher is a state prisoner proceeding pro se.

**I. Motion to Proceed In Forma Pauperis**

Gopher's motion and supporting account statement sufficiently show that he cannot afford to pay all costs that may be associated with this action.  His motion to proceed in forma pauperis will be granted.

1

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.

## III. Gopher's Claims

Gopher contends that his federal right to due process and his federal protection against double jeopardy were violated when he was subjected to multiple punishments for one offense.  He also claims that the trial court was biased because it accepted his guilty plea without recognizing the violation of his federal rights and that defense counsel was ineffective because he allowed Gopher to plead guilty to unconstitutional charges.  Pet. Supp. (doc. 1-1) at 1 ¶ 1, 5 ¶ 20, 7 ¶ 26.  Thus, each claim in Gopher's petition relies on his theory that he was punished multiple times for the same offense.

Gopher was charged with four counts arising from one incident at the Ronan State Bank in Pablo, Montana, on August 12, 2005.  Gopher entered the bank and told two tellers, Roxanne Foote and Kim Gunderson, that he would detonate a bomb if they did not give him money.  Information (doc. 2-5) at 1-3.  He pled guilty to

robbery, two counts of assault with a weapon (each count naming one teller as the victim), and intimidation.[1]  He was sentenced to concurrent terms for the robbery and assault convictions and a consecutive term for intimidation.  His total sentence is fifty years with thirty-five suspended.  Judgment and Commitment (doc. 2-4) at 2.

## IV. Analysis

The federal Double Jeopardy Clause, U.S. Const. amend. V, applies to the States.  Benton v. Maryland, 395 U.S. 784, 787 (1969).  It protects criminal defendants against serial prosecutions after conviction or acquittal of the same offense. It also protects against "'multiple punishments for the same offense' imposed in a single proceeding."  Jones v. Thomas, 491 U.S. 376, 381 (1989) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989)).

With respect to multiple punishments for the same offense, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."  Missouri v. Hunter, 459 U.S. 359, 366 (1983).  "Legislatures, not courts" – and not Black's Law Dictionary or common law traditions, Pet. Supp. at 3 ¶ 12 – "prescribe the scope of punishments."  Hunter,

---

[1]  Gopher does not claim that the two counts of assault with a weapon violated his rights.

459 U.S. at 368.  The question, therefore, is whether the Montana Legislature intended to authorize multiple punishments for conduct constituting robbery, assault with a weapon, and intimidation.

As a guide to legislative intent, courts ask whether each offense requires proof of an element the others do not.  Blockburger v. United States, 284 U.S. 299, 304 (1932).  If so, then the court presumes the legislature intended to impose cumulative punishment for violation of each.  If not, the court presumes the legislature did not intend to authorize multiple punishments.  In either case, the presumption can be rebutted "with evidence of legislative intent that Blockburger's 'same elements' test does not take into account."  McCloud v. Deppisch, 409 F.3d 869, 876-77 (7th Cir. 2005).

Under Montana law, robbery occurs when, "in the course of committing a theft," the defendant "threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury."  Mont. Code Ann. § 45-5-401(1)(b) (2005).  Assault with a weapon occurs when the defendant "purposely or knowingly causes reasonable apprehension of serious bodily injury in another by use of a weapon."  Id. § 213(1)(b).  Intimidation occurs when the defendant, "with the purpose to cause another to perform or to omit the performance of any act . . . communicates to another, under circumstances which reasonably tend

4

to produce a fear that it will be carried out, a threat to perform without lawful authority" the "inflict[ion of] physical harm on the person threatened or any other person." Id. § 203(1)(a). See also Information at 1-2 (citing these subsections).

Neither assault with a weapon nor intimidation require that the defendant be committing a theft, as robbery does. Neither robbery nor intimidation requires use of a weapon, as assault with a weapon does. Neither robbery nor assault with a weapon requires that the defendant try to cause someone else to do something, as intimidation does. Each offense requires proof of an element the others do not. Therefore, under the Blockburger test, the court presumes that each of the crimes to which Gopher pled guilty may be punished cumulatively in one proceeding.

A survey of Montana law confirms the Blockburger presumption. Under Montana's definition of lesser included offenses, none of the offenses is included in any of the others. Mont. Code Ann. § 46-1-202(9) (2005). Even if they were, Gopher did not go to trial. He was not entitled to plead guilty to included offenses, but he was, nonetheless, specifically advised of several in his "Acknowledgment of Rights and Plea Agreement." Plea Agreement (doc. 2-3) at 4 ¶¶ 8-10.[2] Mont. Code Ann. §

---

[2] One could quibble that misdemeanor assault should have been listed as a lesser included offense of robbery, but it was listed as a lesser included offense of both assault with a weapon and intimidation. There is no question that Gopher acted in the course of committing theft. Any error was harmless.

46-11-410(1) (2005), titled "Multiple charges," specifically authorizes prosecution for "more than one offense" based on the "same transaction." Gopher was not convicted of any included offenses, none of the offenses consists of conspiracy, attempt, or some "other form of preparation to commit the other," no inconsistent findings of fact were required, and the Legislature defines none of the offenses to address "a specific instance" of any other or a "course of conduct." Id. § 410(2)(a)-(e).  And Mont. Code Ann. § 46-18-401 (2005), titled "Consecutive sentences," prohibits concurrent sentences in some circumstances but does not require concurrent or prohibit consecutive sentences in any circumstances.  Interpreting this statute, the Montana Supreme Court has held that, under circumstances not identified as requiring consecutive sentences, "judges have the discretion to order sentences to run either concurrently or consecutively."  State v. Seals, 156 P.3d 15, 18 ¶ 14 (Mont. 2007).

The Montana Legislature authorized the imposition of cumulative punishments for Gopher's offenses.  It left the decision whether to impose consecutive or concurrent sentences to the discretion of the sentencing court.  There is no federal double jeopardy violation.  Gopher fails to show a violation of federal law under 28 U.S.C. § 2254(a).

As to a "freestanding" claim of due process violation, the double jeopardy analysis itself considers what Gopher was entitled to under state law.  His convictions

6

comply with state law.  Therefore, he cannot show a violation of a "substantial and legitimate expectation that he [could] be deprived of his liberty only to the extent" authorized by state law.  Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).  Gopher's due process claim also fails to meet the standard of § 2254(a).

It is true, and in another case it could be significant, that Montana "refuse[s] to march lock-step with the United States Supreme Court in interpreting the protection afforded by the double jeopardy provision" of the Montana Constitution.  State v. Guillaume, 975 P.2d 312, 316 ¶ 16 (Mont. 1999).  The State Constitution "provides greater protection from double jeopardy than is provided by the United States Constitution."  Id. at 315 ¶ 13.  Consequently, the Montana Supreme Court has held that the Montana Legislature may not authorize a sentencing enhancement for use of a weapon in cases where use of a weapon was an element of the offense of conviction. Id. at 318 ¶ 23.  Arguably, that means the Montana Legislature cannot intend such authorization, and the holding of Guillaume should play into the federal analysis of double jeopardy claims in Montana.

But the Guillaume court relied on reasoning identical to that in Blockburger. Its holding adumbrates the "same elements" test:  "We . . . hold that application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of Article II,

Section 25 of the Montana Constitution." Id. at 316 ¶ 16. See also State v. Savaria, 945 P.2d 24, 28-30 (Mont. 1997), cited in Guillaume, 975 P.2d at 317 ¶ 19. Even assuming that the analysis of legislative intent under the federal Double Jeopardy Clause would follow a state court's restriction of the scope of legitimate legislative intent under the state constitution, Gopher is not entitled to relief. As set forth above, robbery, assault with a weapon, and intimidation each require proof of an element that the others do not, and none is included within any other.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Gopher "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In a case where the Montana Supreme Court's decision in Guillaume might produce a different result, a certificate would be warranted. Here, it is not. Gopher has neither a double jeopardy nor a due process claim because both the Blockburger

test and Montana statutes clearly indicate that the Montana Legislature intended to impose multiple punishments in a single prosecution for the commission of multiple offenses.   There is no reason to encourage further proceedings.   A COA is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

Gopher's motion to proceed in forma pauperis (doc. 3) is GRANTED.   The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1.  The Petition (docs. 1, 2) should be DENIED on the merits.

2.   The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days

9

of the date entered as indicated on the Notice of Electronic Filing.  A district judge

will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject,

or modify, in whole or in part, the Findings and Recommendations.  Failure to timely

file written objections may bar a de novo determination by the district judge and/or

waive the right to appeal.

Gopher must immediately inform the Court of any change in his mailing

address.  Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of June, 2010.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge