

**FILED**

**JUL 2 9 2010**

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| WILLIAM J. GOPHER, | ) | CV 10-73-M-DWM-JCL |
| | ) | |
|        Petitioner, | ) | |
|   v. | ) | ORDER |
| | ) | |
| SAM LAW; MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA | ) | |
| | ) | |
|        Respondents. | ) | |
| | ) | |

Petitioner Gopher, a state prisoner proceeding pro se, brought this action

pursuant to 28 U.S.C. § 2254. Magistrate Judge Lynch entered Findings and

Recommendation in this matter on June 30, 2010. Judge Lynch recommended

denying the petition on the merits. Petitioner timely objected to the Findings and

Recommendation on July 20, 2010, and is therefore entitled to *de novo* review of

1

the specified findings or recommendations to which he objects. 28 U.S.C. §

636(b)(1). The portions of the Findings and Recommendation not specifically

objected to will be reviewed for clear error. McDonnell Douglas Corp. v.

Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite

Petitioner's objections, I agree with Judge Lynch's analysis and conclusions.

Because the parties are familiar with the factual and procedural background, it will

not be restated here.

Petitioner's main objection–repeated numerous times and in numerous

ways–is that Montana's robbery statute forbids punishment for other offenses that

occurred during the robbery. In support, he focuses on language in Montana's

robbery statute, which notes that a robbery "includes acts that occur in an attempt

to commit or in the commission of theft or in flight after the attempt or

commission." Mont. Code Ann. § 45-5-401(3). He thus contends his pleading

guilty to and being sentenced for one count of intimidation and two counts of

assault with a weapon–both of which were based on acts that occurred during the

commission of theft–constitute multiple punishments for the same offense. Judge

Lynch fully explained how there is no double jeopardy violation here as robbery,

assault with a weapon and intimidation each require proof of an element that the

others do not. See Blockburger v. United States, 284 U.S. 299 (1932). This

2

analysis is consistent with decisions by the Montana Supreme Court. See, e.g.,

State v. Ritchson, 630 P.2d 234, 238 (Mont. 1981) (finding aggravated assault is

not an included offense of robbery under Montana law since each requires proof of

at least one element the other does not).

Petitioner takes exception to the fact that Judge Lynch did not address the

language in the robbery statute that says robbery covers acts "in the course of

committing a theft." Mont. Code Ann. § 45-5-401(3). This language, however, is

irrelevant to Judge Lynch's recommendation because the language qualifies what

acts can be considered to establish the elements for a robbery; it does not mean

crimes with distinct elements that occurred during the course of committing the

theft are included offenses. See Mont. Code Ann. 45-5-401(1). This is consistent

with Montana Supreme Court decisions. See, e.g., Ritchson, 630 P.2d at 238

(finding no error in defendant being sentenced for both aggravated assault and

robbery based on acts during the commission of theft).

Petitioner also objects that Judge Lynch ignored his claim of ineffective

assistance of counsel based on his counsel's failure to advise him that Montana's

robbery statute includes all other offenses committed during the theft. As

explained above, charges of intimidation and assault are not included offenses of

robbery. Petitioner suffered no ineffective assistance of counsel on such grounds.

I find no clear error in Judge Lynch's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #6) are adopted in full.

IT IS FURTHER ORDERED that the Petition (dkt ##1, 2) is DENIED on the merits. The Clerk of Court shall enter judgment in favor of Respondents and against Petitioner.

Finally, IT IS ORDERED that a certificate of appealability is DENIED.

Dated this ____ day of July, 2010.

Donald W. Molloy, District Judge
United States District Court

4